# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARESH CHANNAVEERAPPA, et al.,<br><br>**Plaintiff**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant** | CASE NO. 1:20-CV-1732 AWI BAM<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 18) |

    This is a tax refund case brought by husband and wife Plaintiffs Nareshh Channaveerappa and Anitha Channabasavaiah ("Plaintiffs") against the United States. The operative complaint is the First Amended Complaint ("FAC"). Currently pending before the Court is the United States' Rule 12(b)(1) motion to dismiss. Hearing on the motion is set for November 1, 2021. However, Plaintiffs have not filed an opposition or response of any kind to the Rule 12(b)(1) motion. For the reasons that follow, the Court will vacate the November 1, 2021 hearing date pursuant to Local Rule 230(g) and issue this order, which grants the United States' motion and closes this case.

## LEGAL FRAMEWORK

    Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits

1 upon federal jurisdiction must not be disregarded or evaded. Owen Equip., 437 U.S. 365, 374
2 (1978); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside
3 this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting
4 jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d
5 at 1027. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the
6 allegations in the complaint, or factual, where the court is permitted to look beyond the complaint
7 to extrinsic evidence. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For
8 Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges
9 jurisdiction "facially," all material allegations in the complaint are assumed true, and the court
10 determines whether the factual allegations are sufficient to invoke the court's subject matter
11 jurisdiction. See Leite, 392 F.3d at 362; Meyer, 373 F.3d at 1039. When a defendant makes a
12 factual challenge "by presenting affidavits or other evidence properly brought before the court, the
13 party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden
14 of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; see Leite, 749 F.3d at 1121.
15 The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.
16 Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by
17 a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as
18 the dispute is not intertwined an element of the plaintiff's cause of action, the court may resolve
19 any factual disputes itself. Leite, 749 F.3d at 1121.

## DEFENDANT'S MOTION

*Defendant's Argument*

The United States argues that in order for a taxpayer to pursue a refund claim in federal court where the taxpayer paid his taxes on a Form 1040 or 1040A, then the taxpayer must submit a Form 1040X and submit written refund claim that is signed under penalty of perjury. This procedure is jurisdictional. A review of IRS records demonstrates that Plaintiffs did not submit any Form 1040X or any writing signed under penalty of perjury. Because the jurisdictional requirements have not been met, this case should be dismissed for lack of jurisdiction.

*Plaintiff's Opposition*

Plaintiffs have filed no response or opposition of any kind.[1]

*Legal Standard*

A taxpayer's ability to bring a civil suit for a tax refund is conditioned on the taxpayer's filing of the claim for refund or credit with the IRS "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422; see Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999); Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985). When a taxpayer originally files his taxes on a Form 1040 or 1040A, regulations require that a claim for refund be made on a Form 1040X and that the claim be written and signed under penalty of perjury. 26 C.F.R. § 301.6402-2(b)(1); 26 C.F.R. § 301.6402-3(a)(2). "A claim which does not comply with [these regulations] will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. §§ 301.6402-2(b)(1); Quarty, 170 F.3d at 972. Moreover, the failure to meet the requirements of 26 U.S.C. § 7422 and its associated regulations deprives federal courts of subject matter jurisdiction. See Quarty, 170 F.3d at 972; Boyd, 762 F.2d at 1371.

*Discussion*

Here, the Complaint indicates that Plaintiffs originally filed their taxes through a Form 1040. See FAC ¶¶ 10, 16. While the FAC invokes § 7422, it does not indicate that a Form 1040X was submitted or that any claim for a refund was written and signed under penalty of perjury. Further, a declaration from an IRS employee indicates that the IRS has no records of a refund claim being received pursuant to § 7422. See Harris Dec. ¶¶ 4-6. Rather, there are only two letters dated 2018 in which checks were submitted to the IRS by Plaintiffs' counsel with an indication that the taxpayer disputes the obligation and is paying at that time to avoid further interest and

---

[1] The United States represents that it spoke with Plaintiffs' counsel about this motion. Plaintiffs' counsel purportedly stated that he was suspended and ineligible to practice law in California as of September 23, 2021, but should be eligible as of November 21, 2021. Plaintiffs' counsel also purportedly said that another attorney would appear and respond to the motion to dismiss "if appropriate." To date, no other attorney has appeared on behalf of Plaintiffs. However, the FAC indicates that Mr. Channaveerappa is an attorney admitted to practice law in California, and the United States has represented that it sent copies of the motion directly to the Plaintiffs. In light of the purported statements of Plaintiffs' counsel in terms of another attorney making an appearance if appropriate, as well as Plaintiffs receiving copies of the motion and Mr. Channaveerappa's status as a licensed attorney, the Court is satisfied at this time that Plaintiffs have had an opportunity to respond to the Rule 12(b)(1) motion.

enforced collection activity. See id. at Ex. 1, 2. In the absence of an opposition, the Court can only conclude that Plaintiffs did not file a legally compliant request for a refund. Cf. Local Rule 230(c) (court may construe the lack of a timely opposition to be a non-opposition). Because Plaintiffs have failed to show compliance with the requirements of § 7422, this Court is without jurisdiction and must dismiss this case. See Quarty, 170 F.3d at 972; Boyd, 762 F.2d at 1371; see also Trakhter v. United States, 2020 U.S. Dist. LEXIS 123657, *5-*6 (N.D. Cal. July 14, 2020).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The November 1, 2021 hearing is VACATED;
2. Defendant's Rule 12(b)(1) motion to dismiss is GRANTED and this case is DISMISSED without prejudice for lack of subject matter jurisdiction; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __October 26, 2021__        _____
                                     SENIOR DISTRICT JUDGE